UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BOCKARI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2: 17-cv-1345 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Sacramento County, the District Attorney, the Public Defender and the Sheriff. Plaintiff alleges that he was wrongfully found incompetent to stand trial. Plaintiff is apparently being held in the Sacramento County Jail as a result of these competency proceedings. As relief, plaintiff seeks money damages.

In particular, plaintiff alleges that J.P. Morgan Chase Bank embezzled $20,000 from his bank accounts. Plaintiff alleges that after contacting the bank regarding the alleged embezzlement, the bank obtained a restraining order against plaintiff, which prohibited him from contacting the bank. Plaintiff alleges two years after the restraining order was issued, he became aware that it (the restraining order) was unconstitutional. After this discovery, plaintiff began contacting the bank again regarding the alleged embezzlement. The district attorney then charged plaintiff with violating the restraining order. Plaintiff alleges that he was arrested on June 6, 2016, and held for twenty days. Plaintiff alleges that on June 9, 2016, the 72 hour period for arraignment "lapsed," and plaintiff should have been released from jail. Instead, plaintiff alleges that the arraignment was held on June 10, 2016.

Plaintiff claims that on June 10, 2016, the Sheriff acknowledged that plaintiff was wrongly charged with domestic violence and told him to go back to his cell. Plaintiff alleges that he was released on June 26, 2016, after his brother posted bail. Plaintiff goes on to allege that he was arrested in April 2017, for failing to appear at a hearing. Plaintiff alleges that the wrongful competency proceedings began after his April 2017 arrest.

While plaintiff names as defendants "the Public Defender" and "the District Attorney," it appears that he is naming as defendants those individual deputy Public Defenders and deputy District Attorneys involved in his competency proceedings.

Plaintiff's court-appointed attorneys cannot be sued under § 1983. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (public defenders do not act under color of state law for purposes of § 1983 when performing a lawyer's traditional functions). Moreover, any potential

3

claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). State prosecutors are also entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Kalina v. Fletcher, 522 U.S. 118, 123–24 (1997); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 427, 430–31 (1976) (holding that prosecutors are immune from civil suits for damages under § 1983 for initiating prosecutions and presenting cases). Accordingly, plaintiff's claims against his public defenders and the district attorneys involved in his competency proceedings are dismissed.

Furthermore, a municipal entity (such as Sacramento County) or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. See Board of Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997). Plaintiff has pled no facts supporting a claim for municipal liability against defendant Sacramento County.

As discussed above, plaintiff also names as a defendant the Sheriff. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is

4

legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Additionally, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

The grounds on which plaintiff is suing the defendant Sheriff are unclear. Plaintiff does not specifically link defendant Sheriff to the competency proceedings. Plaintiff may be raising a claim against defendant Sheriff for holding him one day beyond the 72 hour arraignment period during plaintiff's first incarceration related to the criminal charges. However, this is not clear from the complaint. Accordingly, the claims against defendant Sheriff are dismissed.

If plaintiff files an amended complaint, he must also clarify whether he is challenging only the competency proceedings, but also the merits of the criminal charges filed against him.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

////

5

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff's Department concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 15, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bock1345.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BOCKARI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No. 2: 17-cv-1345 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Plaintiff