1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PATRICK BOCKARI,                          No.  2:17-cv-1345 KJN P

12                  Plaintiff,

13       v.                                   ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14  COUNTY OF SACRAMENTO, et al.,

15                  Defendants.

16

17          Plaintiff is a former prisoner, proceeding without counsel, with a civil rights action

18  pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, the undersigned recommends that

19  this action be dismissed.

20          Pending before the court is plaintiff's first amended complaint.  (ECF No. 11.)  The only

21  named defendant is Sacramento County.  The allegations in the first amended complaint are very

22  similar to the allegation in the original complaint.

23          Plaintiff alleges that J. P. Morgan Bank stole $20,000 from his accounts.  In response to

24  his calls and emails requesting return of his money, J. P. Morgan Bank obtained a restraining

25  order against plaintiff.  The restraining order forbid plaintiff from contacting the bank for three

26  years.  Plaintiff complied with the restraining order for two years until he discovered that the

27  restraining order was unconstitutional.  After this discovery, plaintiff began contacting the bank

28  again.

                                              1

Plaintiff alleges that the Sacramento County District Attorney then filed false charges against him for "domestic violence restraining order violation." On June 6, 2016, two Sacramento County Deputy Sheriff Officers arrested plaintiff at his apartment without a warrant. Plaintiff was taken to jail. Plaintiff alleges that he was supposed to be arraigned within 24 hours, and that his arraignment "lapsed" on June 9, 2016. Plaintiff alleges that he was arraigned on June 10, 2016.

Plaintiff alleges that during his arraignment, a deputy sheriff told the court that plaintiff was wrongly charged with domestic violence. Plaintiff was told to return to his cell. Plaintiff was held in the jail until June 26, 2016, when he was released after his brother posted $5,000 bail.

Plaintiff alleges that after his release, he went back and forth to court hearings for more than six months. Plaintiff missed a court hearing on March 24, 2017, because he had no money to pay the bus fare to get to court and his brother could not drive him. After plaintiff missed the hearing, the court set plaintiff's bail at $15,000 and issued a bench warrant.

Plaintiff alleges that his public defender secretly revoked his bail in retaliation for plaintiff's refusal to stop emailing Chase Bank. Plaintiff alleges that his public defender previously told the court that he was going to have plaintiff evaluated to see if plaintiff was competent. Apparently in response to his public defender's request for a competency evaluation, plaintiff was locked up in a facility for over four months.

Plaintiff alleges that on September 8, 2017, the court moved to dismiss the charges against him for the reasons he had been "telling all of them."

As his legal claims, plaintiff alleges that the restraining order prohibiting him from contacting J. P. Morgan Bank violated the First Amendment. Plaintiff alleges that his warrantless arrest violated the Fourth Amendment. Plaintiff alleges that the enforcement of the invalid restraining order violated the Fourteenth Amendment. Plaintiff alleges that his prosecution for violating the restraining order violated the First Amendment. Plaintiff alleges that the order for a competency evaluation violated the Fifth Amendment.

As the undersigned informed plaintiff in the order dismissing the original complaint, a municipal entity (such as Sacramento County) or its departments is liable under section 1983 only

2

if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. See Board v. Cty. Comm'rs. v. Brown, 520 U.S. 397, 403 (1997).

In the amended complaint, plaintiff alleges that he is challenging the Sacramento County policy of "aiding and abetting among the departments" clearly link to the alleged violations. Plaintiff appears to suggest a conspiracy between the Sacramento County employees discussed in the amended complaint, i.e., the prosecutor, the public defender, the sheriff's deputies, the judge, to wrongly prosecute and detain him.[1]

If plaintiff is alleging that his arrest and detention were pursuant to a Sacramento County policy, he has not pled sufficient facts in support of such a claim. Plaintiff's suggestion that the prosecutor, public defender, sheriff's deputies and the judge conspired against him is not well supported. Plaintiff's Monell claim against defendant Sacramento County is vague and conclusory.

It is not likely that plaintiff can cure the pleading defects discussed above. For this reason, the undersigned recommends that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] In the original complaint, plaintiff named his public defender and the district attorney as defendants. In the order dismissing the original complaint, the undersigned informed plaintiff that his claims against his public defender and the district attorney were not potentially colorable. (See ECF No. 8 at 3-4.) The undersigned also found that plaintiff's claims against the Sheriff, also named as a defendant in the original complaint, were vague and conclusory. (Id. at 4-5.)

"Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 1, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bock1345.ame(2)

4